# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Rhonda K. Cheatem, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>vs.<br><br>Landmark Realty of Missouri, LLC<br>D/B/A Willow Creek<br>D/B/A Willow Creek Apartments<br>D/B/A Landmark Realty<br><br>Serve:<br>Registered Agent, Nicholas Porto<br>1600 Baltimore Suite<br>Kansas City, Missouri 64108,<br><br>          Defendant. | Case No. 4:20-cv-00381-BP<br><br>CLASS ACTION PETITION<br><br>JURY TRIAL DEMAND |

## AMENDED COMPLAINT - CLASS ACTION

COMES NOW Plaintiff Rhonda K. Cheatem ("Plaintiff"), through counsel, and for Plaintiff's causes of action against Defendant KC Willow Creek LLC d/b/a Willow Creek Apartments ("Defendant") states:

## JURISDICTION AND VENUE

1. This is a class action under the Missouri Merchandising Practices Act, RSMo § 407.025 and the Missouri Security Deposit Statute.

2. This Court has jurisdiction over the subject matter of this lawsuit under 28 U.S.C. 1332(a).

3. Venue in this district is proper because Defendant conducts business in this district and the events upon which this action is based transpired in this district.

## PARTIES

4. Plaintiff is a resident of the State of Missouri.

5. Defendant KC Willow Creek LLC d/b/a Willow Creek Apartments is a Missouri Limited Liability Company.

6. At all times, Defendant rented and managed residential real estate to consumers in the State of Missouri.

7. As of November 2019, Defendant owned and operated an apartment complex at 201 W. 99th Terrace, Kansas City, Missouri 64114 ("leased premises").

## FACTS COMMON TO ALL COUNTS

8. On November 20, 2019, Plaintiff applied for an apartment with Defendant.

9. On November 20, 2019, Plaintiff signed an addendum to the application.

10. The addendum to the application signed by Plaintiff was a form, with blanks to fill in to add the particulars of the applying tenant.

11. The addendum to the application Plaintiff signed with Defendant read, in part: <u>Administration Fee, Application Fee, and Security Deposit</u> This portion of the Application concerns certain fee(s) and/or deposits that may be ***non-refundable***. As such, it is important that you very carefully read and understand each of the following paragraphs. By initialing under each paragraph, you acknowledge that you have read each paragraph and understand that certain fee(s) and/or deposits may be ***non-refundable.***

12. Under this provision, Plaintiff paid a non-refundable Application fee of $40.00

13. The application Plaintiff signed with Defendant read, in part: <u>Nonrefundable Fees:</u> As part of this Application, I understand that I am required to submit a *nonrefundable* administration fee of ONE HUNDRED AND FIFTY DOLLARS AND NO CENTS ($150.00)

(hereinafter the "Administration Fee"). As further part of this Application, I understand that I am also required to submit a *nonrefundable* application fee of either FORTY DOLLARS AND NO CENTS ($40.00) or FIFTY DOLLARS AND NO CENTS ($50.00) per applicant (hereinafter the "Application Fee"), the precise amount which shall solely be determined by Landmark. I understand that both the Administration Fee and Application Fee are *nonrefundable*.

14. Under this provision, Plaintiff paid a non-refundable Administrative Fee of $150.00.

15. The application Plaintiff signed with Defendant read, in part: "Security Deposit that May Be Refundable  As part of this Application, I understand that I will be required to submit a Security Deposit equal to (the "Security Deposit"). I also understand that Landmark, in Landmark's sole discretion, may require an additional Security Deposit if the information submitted in this Application does not satisfy Landmark's rental criteria. I understand that the Security Deposit (and any additional Security Deposit) is *refundable* if I cancel, in writing, the Application within 48 hours of the submission of the Application and any fees/deposits required by Landmark. I further understand that the Security Deposit *may be refundable* if Landmark denies my Application because the information I have submitted does not satisfy Landmark's application criteria.  If I fail to cancel, in writing, the Application within 48 hours of submission of the Application and any fees/deposits required by Landmark, I understand that the Security Deposit is *nonrefundable*. Finally, I understand that I will be required to submit both a completed Application and any supporting information required by Landmark, including, but not limited to, a verification of identity, a verification of employment, a verification of income, and an authorization to obtain my rental history. If I fail to submit the aforementioned items within 48 hours of submitting my Application and any fees/deposits

required by Landmark, or if any of the information I have submitted is false, inaccurate, or misleading in any way, the Security Deposit is *nonrefundable*.

16. This deposit falls within the definition of "security deposit" as it was any deposit of money or property, however denominated, which is furnished by a tenant to a landlord to secure the performance of any part of the rental agreement under RSMo. § 535.300.7.

17. Under this provision, Plaintiff paid a Security Deposit of $450.00 that became non-refundable 48 hours after submission of the Application if Plaintiff did not cancel in writing.

18. Plaintiff did not cancel in writing by November 22, 2019 and, pursuant to the terms of the addendum to the lease, Plaintiff's $450.00 security deposit became non-refundable.

19. On November 25, 2019, Defendant declined Plaintiff's application to lease an apartment and issued a "Move Out Statement" on November 26, 2019.

20. The Move Out Statement itemized the $640 Plaintiff paid to apply for one of Defendant's apartments.

21. The Move Out Statement indicated that the following amounts were not going to be refunded and retained by the Defendant: the Application Fee of $40.00, the Administrative Fee of $150.00, and the Security Deposit $450.00.

22. The November 26, 2019 Move Out Statement stated that the "security deposit is non-refundable due to falsification on application. "Your security deposit of $450.00 has been retained and liquidated damages for our time and expense."

23. However, pursuant to the terms application submitted by Plaintiff, the security deposit became non-refundable on November 22, 2019 (48 hours after the submission of the application if there was no written cancellation).

4

24. On November 27, 2019, Defendant confirmed Plaintiff's security deposit would not be refunded with Defendant.

25. On November 27, 2019, Defendant refused to refund Plaintiff's $450.00 security deposit.

26. On November 27, 2019, Defendant refused to refund Plaintiff's Application Fee of $40.00 and the Administrative Fee of $150.00

27. On November 27, 2019, Defendant represented to Plaintiff that it was legally justified in retaining the security deposit.

28. Because Defendant refused to refund the non-refundable security deposit upon demand, Plaintiff disputed the Defendant's retention of the security deposit with her Bankcard provider and on January 16, 2020.

29. Subsequent to January 16, 2019, Plaintiff was notified that the dispute was investigated, and Bankcard Service Center concluded she was not responsible for the charge.

30. The $450.00 Security Deposit was refunded to Plaintiff by the Bankcard Service Center, and not by any actions of Defendant.

31. The collection and retention of Plaintiff's $450.00 Security Deposit in Missouri violates RSMo. § 535.300 which provides that "the tenant *shall* recover as damages twice the amount wrongfully withheld." RSMo. § 535.300.6 (emphasis added).

32. Defendant current retains $450.00 in damages to which Plaintiff is entitled pursuant to RSMo. § 535.300.6.

### COUNT I
### VIOLATION OF RSMo. § 535.300
### Non-Refundable Security Deposits

COMES NOW Plaintiff, on behalf of herself and those similarly situated, and for Count I

against Defendant, states and alleges:

33. Plaintiff incorporates by reference the preceding allegations in this petition.

34. RSMo. § 535.300, entitled security deposits, places restrictions and requirements on landlords regarding security deposits.

35. RSMo. § 535.300(3) lists what a landlord may legally withhold from a tenant's security deposit.

36. RSMo. § 535.300(4) states that the landlord may withhold from the security deposit only such amounts as are reasonably necessary because:

> (1) To remedy a tenant's default in the payment of rent due to the landlord, pursuant to the rental agreement;
>
> (2) To restore the dwelling unit to its condition at the commencement of the tenancy, ordinary wear and tear excepted; or
>
> (3) To compensate the landlord for actual damages sustained as a result of the tenant's failure to give adequate notice to terminate the tenancy pursuant to law or the rental agreement; provided that the landlord makes reasonable efforts to mitigate damages.

37. RSMo. §535.300(4) does not allow a landlord to designate part of the security deposit as non-refundable if there is no written cancellation within 48 hours of submission of the application.

38. RSMo. §535.300(4) does not allow a landlord to designate part of the security deposit as non-refundable before the end of the application term.

39. RSMo. §535.300(4) does not allow a landlord to designate part of the security deposit as non-refundable because the tenant "fail[ed] to cancel, in writing, the Application within

6
Case 4:20-cv-00381-BP    Document 17    Filed 08/03/20    Page 6 of 19

48 hours of submission of the Application and any fees/deposits required by Landmark, I understand that the Security Deposit is *nonrefundable"*.

40. RSMo. §535.300(3) does not allow a landlord to designate part of the security deposit as non-refundable because the landlord alleges the tenant misrepresented anything on her application.

41. The language of the application states that $450.00 of the security deposit may be non-refundable if the tenant fail[ed] to cancel, in writing, the Application within 48 hours of submission of the Application and any fees/deposits required by Landmark, I understand that the Security Deposit is *nonrefundable"*.

42. Under the application, the security deposit paid by the Plaintiff was $450.00.

43. states that "if the landlord wrongfully withholds all or any portion of the security deposit in violation of this section, the tenant **shall recover** as damages not more than twice the amount wrongfully withheld."

44. Under RSMo. § 535.300.6, Defendant is liable to Plaintiff for $450.00.

WHEREFORE, Plaintiff and the putative class prays for judgment against Defendant for such damages as are fair and reasonable for violations of the RSMo. § 535.300; including the statutory relief provided for in RSMo. § 535.300 of damages twice the amount of the non-refundable security deposits withheld ; for Plaintiff's reasonable attorney's fees and expenses; for injunctive relief, and for the costs of this action; and for such relief as the Court considers just and proper.

## COUNT II
## MERCHANDISING PRACTICES ACT, § 407.020 RSMo.
### Collecting Non-refundable Security Deposits

COMES NOW Plaintiff, on behalf of herself and those similarly situated, and for Count II against Defendant, states and alleges:

45. Plaintiff incorporates by reference the preceding allegations in this petition.

46. Defendant is subject to the requirements and provisions of the Missouri Merchandising Practices Act.

47. Defendant is deceptively assessing, collecting, and retaining non-refundable security deposits in violation of RSMo. § 535.300.

48. RSMo § 407.020.1 states that the act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section § 407.453, in or from the state of Missouri, is declared to be an unlawful practice. The use by any person, in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose, as defined in section § 407.453, in or from the state of Missouri of the fact that the attorney general has approved any filing required by this chapter as the approval, sanction or endorsement of any activity, project or action of such person, is declared to be an unlawful practice. Any act, use or employment declared unlawful by this subsection violates this subsection whether committed before, during or after the sale, advertisement or solicitation.

49. Defendant's conduct as described herein constitutes violations of RSMo. § 407.020.

50. Defendant's acts use and employment of deception, false pretenses, false promises, misrepresentation, unfair practices and concealment, suppression, or omission of material facts for the sale of consumer products in trade and commerce, is an unlawful practice.

51. Plaintiff has suffered an ascertainable loss in that Defendant wrongfully withheld a $450 security deposit from Plaintiff, resulting in statutory damages owed to Plaintiff, in the amount of not more than twice the non-refundable security deposit pursuant to § 535.300.

52. Defendant retains $450.00 in damages to which Plaintiff is entitled.

53. Plaintiff has suffered injury in fact because she has been denied the $450.00 in damages to which Plaintiff is entitled pursuant to § 535.300.

54. The Plaintiff attempted to lease housing for personal, family or household purposes in that the housing she sought was residential and would be used for her own personal shelter.

55. Under RSMo. § 407.020, Plaintiff may recover actual damages; punitive damages; attorney's fees and expenses for Defendant's violations of RSMo. § 407.020; and to equitable relief.

56. Because of Defendant's unlawful acts and practices, Plaintiff incurred actual damages.

57. Plaintiff has incurred attorney's fees and continues to incur said fees, which can be recovered under the Missouri Merchandising Practices Act, RSMo. § 407.020.

WHEREFORE, Plaintiff and the putative class prays for judgment against Defendant for such actual and punitive damages as are fair and reasonable for violations of the RSMo. § 407.020; for Plaintiff's reasonable attorney's fees and expenses; for injunctive relief, and for the costs of this action; and for such relief as the Court considers just and proper.

## COUNT III
## MERCHANDISING PRACTICES ACT, § 407.020 RSMo.
## Misrepresentation

COMES NOW Plaintiff, on behalf of herself and those similarly situated, and for Count III against Defendant, states and alleges:

58. Plaintiff incorporates by reference the preceding allegations in this petition.

59. Upon determining that Defendant wrongfully withheld Plaintiff's security deposit, Plaintiff telephoned Defendant and spoke to Johnathan L/N/U, who advised Plaintiff:

   a. Defendant was "going by the book" by withholding the security deposit and was confident in their representation that "their I's are dotted and their T's are crossed";

   b. There is no exposure to Defendant and that Plaintiff's sole remedy was with a past landlord alleging an eviction that was the basis for Defendant withholding Plaintiff's $450.00 security deposit.

   c. That Defendant has given Plaintiff all the information that Defendant is required to and that it is not Defendant's fault, but solely the responsibility of the prior landlord alleging an eviction that was the basis for Defendant withholding Plaintiff's $450.00 security deposit.

60. Defendant is subject to the requirements and provisions of the Missouri Merchandising Practices Act.

61. After her security deposit was unlawfully withheld, Plaintiff inquired with Defendant as to the reasons for withholding the security deposit.

62. Defendant misrepresented to Plaintiff that the non-refundable deposit was legal.

63. Defendant misrepresented the status of the non-refundable deposit to Plaintiff.

64. The Missouri Attorney General has declared all unconscionable practices to be unfair practices in violation of the Missouri Merchandising Practices Act. 15 C.S.R. § 60-8.080(1).

65. It is unconscionable to "take advantage of an unequal bargaining position and to obtain a contract or term which results in gross disparity of values exchanged." 15 C.S.R. § 60-8.080(2).

66. These non-refundable security deposits are unconscionable.

67. These fees are unconscionable in part because they are high in relation to the value of the application.

68. Defendant's conduct as described herein constitutes violations of RSMo. § 407.020.

69. Defendant's acts use and employment of deception, false pretenses, false promises, misrepresentation, unfair practices and concealment, suppression, or omission of material facts for the sale of consumer products in trade and commerce, is an unlawful practice.

70. The unlawful practices caused the Plaintiff to suffer an ascertainable loss in that Plaintiff lost the amount of her security deposit.

71. The Plaintiff attempted to lease housing for personal, family or household purposes in that the housing she sought was residential and would be used for her own personal shelter.

72. Under RSMo. § 407.020, Plaintiff may recover actual damages; punitive damages; attorney's fees and expenses for Defendant's violations of RSMo. § 407.020; and to equitable relief.

73. Because of Defendant's unlawful acts and practices, Plaintiff incurred actual damages.

74. Plaintiff has incurred attorney's fees and continues to incur said fees, which can be recovered under the Missouri Merchandising Practices Act, RSMo. § 407.020.

WHEREFORE, Plaintiff prays for judgment against Defendant for such actual and punitive damages as are fair and reasonable for violations of the RSMo. § 407.020; for Plaintiff's reasonable attorney's fees and expenses; for injunctive relief, and for the costs of this action; and for such relief as the Court considers just and proper.

## COUNT IV
## MERCHANDISING PRACTICES ACT, § 407.020 RSMo.
## Collecting Unconscionable Application Fees Generally

COMES NOW Plaintiff, on behalf of herself and those similarly situated, and for Count IV against Defendant, states and alleges:

75. Plaintiff incorporates by reference the preceding allegations in this petition.

76. In addition to charging the Plaintiff a non-refundable $450 security deposit fee, Defendant charged a $40 application fee and, on top of that, a $150 Administrative Fee.

77. Defendant listed the fees that had to be paid in order to apply for an apartment on the fourth page of the application.

78. On the fourth page of the application, third single-spaced paragraph from the top, beginning on the 7th line, under the title **Security Deposits that May Be Refundable**, is the statement, "[i]f I fail to cancel, in writing, the Application within 48 hours of submission of the Application and any fees/deposits required by Landmark, I understand that the Security Deposit is nonrefundable."

79. Defendant is subject to the requirements and provisions of the Missouri Merchandising Practices Act.

80. The Missouri Attorney General has declared all unconscionable practices to be

unfair practices in violation of the Missouri Merchandising Practices Act. 15 C.S.R. § 60-8.080(1).

81. It is unconscionable to "take advantage of an unequal bargaining position and to obtain a contract or term which results in gross disparity of values exchanged." 15 C.S.R. § 60-8.080(2).

82. Defendant's conduct is unconscionable and constitutes violations of RSMo. § 407.020.

83. The $150 Administrative Fee, is unconscionably high in relation to the value received by the Plaintiff or any expense incurred by Defendant, especially in light of the $40 Application fee.

84. The $150 Administrative Fee, is unconscionably high when combined with the $40.00 Application fee and the $450.00 non-refundable security deposit.

85. The $150 Administrative Fee, is unconscionably high because it obscures the total amount of fees an applicant will forfeited to apply for an apartment lease is unconscionable.

86. The unlawful practices caused the Plaintiff to suffer an ascertainable loss.

87. The Plaintiff attempted to lease housing for personal, family or household purposes in that the housing she sought was residential and would be used for her own personal shelter.

88. Under RSMo. § 407.020, Plaintiff may recover actual damages; punitive damages; attorney's fees and expenses for Defendant's violations of RSMo. § 407.020; and to equitable relief.

89. Because of Defendant's unlawful acts and practices, Plaintiff incurred actual damages.

90. Plaintiff has incurred attorney's fees and continues to incur said fees, which can be

recovered under the Missouri Merchandising Practices Act, RSMo. § 407.020.

WHEREFORE, Plaintiff and the putative class prays for judgment against Defendant for such actual and punitive damages as are fair and reasonable for violations of the RSMo. § 407.020; for reasonable attorney's fees and expenses; for injunctive relief, and for the costs of this action; and for such relief as the Court considers just and proper.

## **CLASS ACTION ALLEGATIONS**

91. Plaintiff restates each allegation in the preceding paragraphs as if set forth at length herein.

92. Under Federal Rule of Civil Procedure 23, Plaintiff sues for herself and on behalf of a class (the "Class A") for Counts I, II, IV initially defined:

> All Missouri tenants from whom Defendant collected a security deposit deemed nonrefundable under the application in the past five years.

93. Under Federal Rule of Civil Procedure 23, Plaintiff sues for herself and on behalf of a class (the "Class B") for Counts I, II, III, IV initially defined:

> All Missouri tenants from whom Defendant collected a security deposit wherein all or a portion of that deposit was deemed nonrefundable under the application in the past five years and, upon inquiry by the class member, Defendant informed the class member that retaining the non-refundable deposit was legal or legally appropriate.

94. Under Federal Rule of Civil Procedure 23, Plaintiff sues for herself and on behalf of a class (the "Class C") for Counts IV initially defined:

> All Missouri tenants from whom Defendant collected and retained a $150 Administrative fee and/or a $40.00 dollar Application fee under

the application in the past five years.

95. Federal Rule of Civil Procedure 23(a) sets out the following requirements for class certification: .

One or more members of a class may sue or be sued as representative parties on behalf of all members only if (1) the class is so numerous that joinder of all members if impracticable, (2) there are questions of law or fact common to the class, (3) the claims and defense of the representative parties are typical of the claims and defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class

96. Numerosity. Fed. R. Civ. P. 23(a)(1). Defendant owns and operates multi-unit apartment complexes using form applications and standardized procedures. The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice. Numerosity can be inferred by Defendant' size, that it manages hundreds of apartment units using standardized contracts and procedures, and the fact that its omissions are part of its routine business practice.

97. Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2). Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. Defendant uses standardized application provisions and procedures in managing hundreds of residential units. These common legal and factual questions include and without limitation:

    a. Did Defendant collect and retain a non-refundable security deposit?

    b. Did Defendant retain a security deposit for any reason other than those enumerated in § 535.300.5.

c. Did Defendant collect and retain a $150 Administrative Fee and/or a $40.00 Application fee under an application in the past five years?

d. Is it unconscionable to obscure the total amount of fees subject to forfeiture in an application to lease an apartment?e. Is a $150 Administrative Fee unconscionably high for the value received by the Plaintiff or any expense incurred by Defendant, especially in light of the $40 Application fee?

98. Typicality. Plaintiff's claims are typical of the claims of each Class member. Their contract was a standardized application with a provision that wrongfully deemed a security deposit as nonrefundable, in violation of RSMo. § 535.300 and required an excessive Administrative Fee that would apply to each member of the putative Class. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

99. Adequacy. Fed. R. Civ. P. 23(a)(3). Plaintiff is an adequate representative of the Class because her interests coincide with, and are not antagonistic to, the interests of the members of the Class she seeks to represent, she has retained counsel competent and experienced in such litigation, and she intends to prosecute this action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of the members of the Class.

100. Superiority. Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Fed. R. Civ. P. 23(b)(3). The damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for

inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will cause substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

101. Injunctive Relief Appropriate for the Class. Fed. R. Civ. P. 23(b)(2). Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief regarding Plaintiff and the Class members.

WHEREFORE, Plaintiff and the Class members pray for relief:

1. An order certifying the proposed classes herein under Missouri Supreme Court Rule 52.08 and appointing Plaintiff and her undersigned counsel of record to represent same;
2. The creation of a common fund available to provide notice of and remedy Defendant's violations;
3. Punitive damages as authorized by the MMPA;
4. Equitable and/or declaratory relief; including that Defendant be restrained from engaging in future conduct in violation of the MMPA;
5. Attorney's fees, expenses and costs;
6. An Order that Defendant, its agents, and anyone acting on Defendant's behalf, be immediately restrained from altering, deleting, or destroying any documents or records that could identify Class members;
7. Pre-judgment and post-judgment interest as provided by law; and
8. Such other relief the Court does deem just, equitable and proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

                Respectfully submitted,

                By: /s/ A.J. Stecklein
                A.J. Stecklein    #46663
                Michael Rapp    #66688
                Matthew Robertson    #70442
                Stecklein & Rapp Chartered
                748 Ann Avenue
                Kansas City, KS 66101
                Telephone:    (913) 371-0727
                Facsimile:    (913) 371-0727
                Email: aj@kcconsumerlawyer.com
                        mr@kcconsumerlawyer.com
                        msr@kcconsumerlawyer.com


                By: /s/ Gina Chiala
                GINA CHIALA    # 59112
                AMY SWEENY DAVIS    #45760
                HEARTLAND CENTER
                FOR JOBS AND FREEDOM, INC.
                4047 Central Street
                Kansas City, MO 64111
                Telephone: (816) 278-1092
                Facsimile: (816) 278-5785
                Email: ginachiala@jobsandfreedom.org
                        amysweenydavis@jobsandfreedom.org
                Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I certify that on August 3, 2020, a true and correct copy of the above and foregoing was filed electronically with the Clerk of the Court, which will automatically notify counsel of record.

/s/ A.J. Stecklein
Attorney for Plaintiff